IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNETT F. RAMSEY,  )<br>No. B82889,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>GALE AVLABAUGH, and  )<br>SHAKENIA. L. BLACK,  )<br>  )<br>  Defendants.  )  | Case No. 14-cv-00307-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Arnett F. Ramsey, an inmate in Southwestern Illinois Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, based on the alleged fraudulent cashing of a check by an acquaintance at a check-cashing business. The acquaintance and the apparent owner of the check-cashing business are named as defendants.

Because Plaintiff is seeking leave to proceed *in forma pauperis* (Doc. 2), this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides that the Court shall dismiss the case if it is frivolous or fails to state a claim upon which relief may be granted.

The complaint does not actually contain any claims, nor is there a prayer for relief, as required by Federal Rule of Civil Procedure 8(a). The complaint, essentially, consists of a number of exhibits. The complaint is also not signed, as required by Federal Rule of Civil Procedure 11(a). For these procedural missteps alone, the complaint must be dismissed. However, there is also a fatal flaw.

Plaintiff has invoked 42 U.S.C. § 1983, which is the mechanism for asserting civil rights actions against individuals who were acting under of color of state law.  There is no indication that Plaintiff's acquaintance, Shakenia L. Black (who allegedly endorsed and cashed the check), was acting under color of state law.  Similarly, there is no indication that Gale Avlabaugh, who does business as Madison License and Check Express, is a state actor.  This case revolves around a purely private transaction, rather than a constitutional issue.  Therefore, dismissal on the merits is warranted.

Dismissal shall be without prejudice to Plaintiff filing another type of complaint. Plaintiff may consider whether she has any federal claim to plead, but no claim is readily apparent.  Rather, Plaintiff may want to pursue a civil action in state court.  This Court is only ruling that she has no claim under Section 1983.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint and this action are **DISMISSED** on the merits, but without prejudice to Plaintiff pursuing a different cause of action in either federal or state court.   Judgment shall enter accordingly.  This case is closed.

All pending motions (Docs. 2, 3) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:  March 10, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**